**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| _____ ) | |
| ) | |
| ) | |
| MICHELLE PRESCOTT, ) | |
| ) | |
| on behalf of herself and all ) | |
| others similarly situated, ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| PRUDENTIAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL AND**

**STATE WAGE-AND-HOUR LAWS AND DEMAND FOR JURY TRIAL**

**COLLECTIVE GROUP AND COLLECTIVE SUB-GROUP COMPLAINT**

Plaintiff Michelle Prescott, (hereinafter referred to "Named Plaintiff" or "Prescott"), by and through her attorneys, allege for her Complaint as follows:

**INTRODUCTION**

1. Named Plaintiff brings this action against Prudential Insurance Company, Inc., (hereinafter referred to as "Defendant" or "Prudential") for legal relief to redress unlawful violations of the Named Plaintiffs' rights under the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., and specifically the Collective Action provision of the Act found § 216(b), and under Maine state law, Maine Revised Statutes Title 26, Chapter 7, Subchapter 3, §664 (the "Maine Wage-And-Hour Law"), to remedy violations of the wage provisions of the FLSA and the Maine Wage-And-Hour Law, by Prudential, which have deprived the Named Plaintiff, as well as others similarly situated to the Named Plaintiff, of their lawful wages.

1

2. The Named Plaintiff is an hourly wage employee of Defendant who has worked at Prudential's office in Portland, Maine as a non-exempt employee entitled to minimum wage, regular wage, and overtime pay under the FLSA and the Maine Wage-And-Hour Law. Named Plaintiff alleges, on behalf of herself and all similarly-situated persons, that Prudential has willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit, or compensate Prudential's non-exempt, hourly wage disability claims handlers, including the Named Plaintiff and potential opt-in plaintiffs, for all of the time Prudential requires or permits such employees to perform work.

3. Other current and former employees of Prudential, similarly situated to Named Plaintiff, are also entitled to receive unpaid wage and/or overtime compensation for the reasons alleged in this Complaint. The Named Plaintiff is permitted to maintain this action under the FLSA "for and on behalf of [herself] and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly-situated employee wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. §216(b). Attached and filed herewith as Exhibit A is a "Consent to Become Party Plaintiff" executed by Named Plaintiff Michelle Prescott.

4. Defendant's practices are in direct violation of the FLSA, 29 U.S.C. §§ 201 *et seq.* and the Maine Wage-And-Hour Law, which embodies the "the declared public policy of the State of Maine that workers employed in any occupation should receive wages sufficient to provide adequate maintenance and to protect their health, and to be fairly commensurate with the value of the services rendered." 26 Me. Rev. Stat. 26.7.3 §661. The Named Plaintiff seeks declaratory relief, backpay, credit for all unrecorded and uncompensated work required or permitted by Prudential, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

5. This action is brought to recover unpaid hourly and overtime compensation owed to the Named Plaintiff and all current and former employees of Defendant who are similarly situated to the Named Plaintiff, pursuant to the FLSA collective action mechanism, and, for a

Sub-Group of such similarly situated persons working for Prudential in Maine, pursuant to the Maine Wage-And-Hour Law.

6. The Named Plaintiff and the FLSA Collective Group similarly situated are or have been employed by Prudential at its facilities in Portland, Maine, and in several Prudential offices in the state of New Jersey, including but not necessarily limited to offices located in Livingston, N.J., and Roseland, N.J.

7. The Named Plaintiff and the FLSA Collective Group of similarly situated individuals comprise more than one thousand persons working for Prudential in disability claims handler positions, including both short-term and long-term disability claims handlers. The Named Plaintiff and the FLSA Collective Group assert claims for Defendant's violations of the FLSA.

8. The Named Plaintiff and the Maine Sub-Group of similarly situated individuals comprise more than four hundred persons working for Prudential in the State of Maine in disability claims handler positions, including both short-term and long-term disability claims handlers. The Maine Sub-Group is a subset of the FLSA Collective Group. The Named Plaintiff and the Maine Sub-Group assert claims not only for Defendant's violations of the FLSA but also for Defendant's violations of the Maine Wage-And-Hour Law. All factual allegations herein pertaining the FLSA Collective Group also pertain to the Maine Sub-Group.

9. Prudential's short-term and long-term disability claims handlers do not exercise discretion or independent judgment. Named Plaintiff and the similarly situated FLSA Collective Group of claims handlers gather information and documentation from policy-holders, medical personnel, and vocational rehabilitation specialists, organize the information, document the files, make notations, attend conferences at which doctors, nurses, vocational rehabilitation specialists, and Prudential managers make decisions about claims where the claims handlers provide input about the information and documentation that has been gathered, and then implement the decisions, communicating further with policy-holders, medical personnel and others. Claims handlers do not make or recommend coverage decisions, diagnoses, treatment

decisions, disability benefits eligibility decisions, occupational decisions, or any other claims-related decisions. The job of claims handler is principally one of gathering and organizing information and documentation, communication, and recordkeeping.

10. Prudential has engaged in the practice of requiring or permitting its hourly non-exempt disability claims handler employees to perform work for the benefit of Prudential, but for which Prudential does not record, credit, or compensate its non-exempt hourly employees.

11. Prudential's practice of requiring or permitting its hourly non-exempt employees to work off-the-clock is in violation of the FLSA and, for the Maine Sub-Group, the Maine Wage-And-Hour Law, because such employees perform work for the benefit of Prudential which is uncompensated at their regular hourly wage. To the extent that such work is performed during a workweek in which the affected employees have, or would have, worked in excess of forty (40) hours per week, such practice further violates the overtime pay provisions of the FLSA and/or the Maine Wage-And-Hour Law by virtue of Defendant's failure to pay compensation at a rate of one and one-half (1 ½) times the employees' regular hourly wage rate.

### JURISDICTION AND VENUE

12. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.§1331 and Section 216(b) of the FLSA, 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

13. Venue is proper in the District of Maine pursuant to 28 U.S.C. §1391(b) and (c). Prudential is licensed to do business and is doing business in Maine and may be found in the District of Maine. Many of the acts complained of occurred in the District of Maine and gave rise to the claims alleged herein. All of the Defendant's disability claims handlers work under the rubric of a single organizational business unit, managed, in significant part, in Maine.

### PARTIES

14. **Named Plaintiff Michelle Prescott** is a resident of South Portland, Maine. Prescott has been employed by Prudential from approximately December 2006 through the present.

Prescott has worked as an hourly wage employee, specifically as a long-term disability claims handler, in Prudential's Portland office. At all relevant times, Prescott was an employee of Prudential within the meaning of the FLSA and the Maine Wage-And-Hour Law.

15. **Defendant Prudential** is a New Jersey corporation which maintains offices at 2 Portland Square in Portland, Maine. Prudential's headquarters are located in Newark, New Jersey. Prudential is an insurance company with many thousands of employees, including more than a thousand disability claims handlers.

## FACTS

16. **Named Plaintiff Michelle Prescott** has been employed by Prudential as a long-term disability claims handler in the Prudential office in Portland, Maine, as an hourly employee. She generally is paid for only 37.5 hours per week, yet she always works more hours than that and typically has worked 47.5 to 52.5 hours per week. As a long-term disability claims handler, Prescott has been paid a set hourly wage, most recently, $25 per hour for the 37.5 hours per week. For work performed in excess of 37.5 hours per week, Prescott generally is paid nothing.

17. Prescott's typical work day consists of working at her office from 7:30 a.m. to 4:00 p.m. She typically does not get to take breaks and generally works through lunch, perhaps eating lunch at her work station as she works. At 4:00 p.m., she goes home, but continues to work there, connecting remotely to Prudential's computers from her home computer, until at least 8:00 p.m. and often until the computer system shuts down at 10:00 p.m.

18. Other disability claims handlers at Prudential in its Maine and New Jersey offices are similarly situated to Named Plaintiff Michelle Prescott. Such disability claims handlers are paid as hourly employees. They are paid for only 37.5 hours per week, yet they generally work more hours than that and typically work 47.5 to 52.5 hours per week. Both long-term and short-term disability claims handlers have been paid a set hourly wage for the 37.5 hours per week. For work performed in excess of 37.5 hours per week, the disability claims

handlers generally are paid nothing.

19. Prudential's disability claims operation is a deadline-driven environment, and management has made it clear to Prescott and to all the claims handlers that she, and they, must complete a certain amount of work or be penalized. The volume of work thus required cannot, typically, be completed in 37.5 hours per week, and requires additional hours. Thus, by strong management implication, Prescott and all the disability claims handlers must work the additional time necessary to meet such deadlines.

20. Prescott and all the disability claims handlers are also asked by their supervisors, on a regular basis, to work two (2) extra hours without any pay. This request is made formally in writing twice a year, but, in practice, occurs more frequently through verbal requests by the supervisors. Management's clear expectation is that employees will comply, and Prescott and the other disability claims handlers do so.

21. Prescott's and all the disability claims handlers' supervisors know and, at all times pertinent to this Complaint, have always known, that she was not, and they were not, compensated for all work performed. Each day, they have seen Prescott and the other disability claims handlers perform integral and indispensable tasks for the benefit of Prudential and failed to determine accurately, or to adjust, the recordation of the time worked for which Prescott or the other disability claims handlers were to be compensated. Prudential does not record, report, or maintain records of such unpaid work so performed by Prescott and the other disability claims handlers.

22. Prescott and all the disability claims handlers have been denied compensation, either at a regular rate or at an overtime premium, for approximately ten (10) to fifteen (15) hours per week, on average. The amount of time worked for which Prescott and all the disability claims handlers have been denied compensation is determinable by means of the "AVAYA" system utilized by Prudential, which, *inter alia*, logs time spent working on files by Prescott and by the other disability claims handlers.

23. Prescott's title is Disability Claims Manager II. The other claims disability handlers have

6

similar titles. Although Prescott's title contains the term "manager," she does not manage people; she manages claims. The same is true of all the other disability claims handlers.

24. Prescott's disability claims management work at Prudential does not involve discretion, independent judgment, decision making, or negotiations. The same is true of all the other disability claims handlers.

25. Neither Prescott nor the other disability claims handlers make decisions about claims, nor does she or they make recommendations of decisions about claims.

26. Neither Prescott nor the other disability claims handlers negotiates with policyholders, doctors, nurses, vocational rehabilitation specialists, lawyers, or anyone else.

27. Neither Prescott nor the other disability claims handlers can bind Prudential to any decision.

28. Prescott does not compare or evaluate possible courses of conduct or make any decisions after the various possibilities have been considered, and neither do the other disability claims handlers.

29. Neither Prescott nor the other disability claims handlers formulate, interpret, or affect Prudential's policies, and neither she nor they have any authority to do so.

30. Prescott and all the disability claims handlers gather and organize information and documents, and they provide and communicate the same to decision makers and recommenders; they prod decision makers to make decisions on a timely basis, and they document and implement decisions made by others.

31. Neither Prescott nor the other disability claims handlers is not an "administrative" employee within the meaning of the FLSA, United States Department of Labor regulations, 29 C.F.R. § 541, or the Maine Wage-And-Hour Law. As a result of these conditions and requirements, Prescott and all of the other disability claims handlers are not exempt from the overtime provisions of the FLSA and/or the Maine Wage-And-Hour Law.

32. Prudential knew or should have known that its supervisory and management personnel permit or require Named Plaintiff Prescott and other disability claims handlers to perform work which is for the benefit of Prudential, and which is integral to Prudential's business,

without appropriate compensation.

33. Named Plaintiff brings this action against Prudential because Prudential has willfully engaged in a pattern and practice of unlawful conduct by declining to record and pay for all of the time it requires or permits its disability claims handlers to work, in violation of the FLSA and/or the Maine Wage-And-Hour Law.  Prudential's unlawful conduct has been repeated and consistent.

34. The conduct of Prudential, set forth above, has been willful, in bad faith, and has caused significant damages to Named Plaintiff and potential opt-in plaintiffs of the Collective Group and/or the Maine Sub-Group.

35. Named Plaintiff brings a claim for relief for violation of the FLSA as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt hourly employees of Prudential who were, are or will be employed in Prudential's disability claims operations during the period of three years, or, alternatively, two years prior to the date of commencement of this action through the date of judgment of this action, who have not been compensated for all time worked at their regular rate of pay up to forty (40) hours per workweek and/or at one and one-half (1 and 1/2 ) times the regular rate of pay for all such work performed in excess of forty (40) hours per workweek.  The Named Plaintiff is a putative member of the FLSA Collective Group on whose behalf all claims alleging violations of FLSA are brought.

36. Named Plaintiff brings a claim for relief for violation of pursuant to the Maine Wage-And-Hour Law, 26 M.R.S. Chap. 7, Subchap. 3, §626-A and §664.3 on behalf of all non-exempt hourly employees of Prudential who were, are or will be employed in Prudential's disability claims operations during the period of six (6) years prior to the date of commencement of this action through the date of judgment of this action, who have not been compensated for all time worked at their regular rate of pay up to forty (40) hours per workweek and/or at one and one-half (1 and 1/2 ) times the regular rate of pay for all such work performed in excess of forty (40) hours per workweek.  The Named Plaintiff is a putative member of the Maine

Sub-Group on whose behalf claims alleging violations of the Maine Wage-And-Hour Law are brought.

37. A claim for relief for violations under the FLSA may be brought and maintained as an "opt-in" collective action pursuant to §216(b) of the FLSA, 29 U.S.C. § 216(b) for the federal claims asserted by the Named Plaintiff, because the claims of the Named Plaintiff are similar to the claims of the putative members of the FLSA Collective Group.

38. A claim for relief for violations under the Maine Wage-And-Hour Law may be brought pursuant to the Maine Wage-And-Hour Law, 26 M.R.S. Chap. 7, Subchap. 3, §626-A and §664.3 by all members of the Maine Sub-Group who join this action by opting in pursuant to §216(b) of the FLSA, 29 U.S.C. § 216(b).

39. Potential opt-in members of the FLSA Collective Group and the Maine Sub-Group are situated similarly to the Named Plaintiff.  They have substantially similar job requirements and pay provisions, and are subject to a common practice, policy or plan that requires or permits them to perform uncompensated work for the benefit of Prudential in excess of thirty-seven and a half (37.5) hours per workweek without proper compensation.

40. All Named Plaintiff and all potential opt-in plaintiffs of the FLSA Collective Group work or have worked for Prudential as non-exempt hourly employees in Prudential's disability claims department.

41. All Named Plaintiff and all potential opt-in plaintiffs of the Maine Sub-Group work or have worked for Prudential as non-exempt hourly employees in Prudential's disability claims department in the State of Maine.

42. Named Plaintiff and all potential opt-in plaintiffs of the FLSA Collective Group, and of the Maine Sub-Group, perform or have performed uncompensated work in excess of thirty-seven and a half (37.5) hours per workweek for the benefit of Prudential.  None of the Named Plaintiff or potential opt-in plaintiffs of the FLSA Collective Group or of the Maine Sub-Group have been credited or compensated for such work in excess of thirty-seven and a half (37.5) hours per workweek performed for the benefit of Prudential.

43. Named Plaintiff and all potential opt-in plaintiffs of the FLSA Collective Group and the Maine Sub-Group have suffered damages, including lost wages, and/or lost overtime compensation, resulting from Prudential's wrongful conduct.

44. Named Plaintiff has retained counsel competent and experienced in complex collective actions and wage-and-hour litigation.

45. Named Plaintiff brings this action on behalf of herself and the following proposed FLSA Collective Group of all similarly-situated employees: current and former employees of Prudential who have held non-exempt disability claims positions at Prudential at any time during all or any part of the period beginning three (3) years, or, alternatively, two (2) years before the filing of this complaint to the present, and who have not been fully compensated for all hours worked.

46. Named Plaintiff brings this action on behalf of herself and the following proposed Maine Sub-Group of all similarly-situated employees: current and former employees of Prudential who have held non-exempt disability claims positions at Prudential's offices in Portland, Maine, at any time during all or any part of the period beginning six (6) years before the filing of this complaint to the present, and who have not been fully compensated for all hours worked.

47. Prudential's hourly wage disability claims handling employees have been subject to the unlawful practices alleged herein and, therefore, are similarly situated to the Named Plaintiff who is representative of the FLSA Collective Group.  Prudential has engaged in a pattern and practice of permitting or requiring Named Plaintiff and potential opt-in plaintiffs of the FLSA Collective Group to work in excess of thirty-seven and a half (37.5) hours per workweek for the benefit of Prudential without appropriate compensation, in violation of the FLSA.

48. Prudential's hourly wage disability claims handling employees who have worked in the State of Maine during the liability period have been subject to the unlawful practices alleged herein and, therefore, are similarly situated to the Named Plaintiff who is representative of the

Maine Sub-Group. Prudential has engaged in a pattern and practice of permitting or requiring Named Plaintiff and potential opt-in plaintiffs of the Maine Sub-Group to work in excess of thirty-seven and a half (37.5) hours per workweek for the benefit of Prudential and without appropriate compensation, in violation of the Maine Wage-And-Hour Law.

49. Prudential has engaged in a pattern and practice of failing to keep accurate records showing all hours worked by Named Plaintiff and potential opt-in plaintiffs of the FLSA Collective Sub-Group, in violation of the FLSA and U.S. Department of Labor regulations.

50. Prudential has engaged in a pattern and practice of failing to keep accurate records showing all hours worked by Named Plaintiff and potential opt-in plaintiffs of the Maine Sub-Group, in violation of the Maine Wage-And-Hour Law, 26 M.R.S. §622.

51. Prudential has engaged in a pattern and practice of permitting or requiring Named Plaintiff and potential opt-in plaintiffs of the FLSA Collective Group to work overtime in excess of forty (40) hours in a workweek without appropriate compensation, in violation of the FLSA.

52. Prudential has engaged in a pattern and practice of permitting or requiring Named Plaintiff and potential opt-in plaintiffs of the Maine Sub-Group to work overtime in excess of forty (40) hours in a workweek without appropriate compensation, in violation of the Maine Wage-And-Hour Law.

53. Prudential's conduct as alleged herein has been willful.

54. Named Plaintiff and potential opt-in plaintiffs of the FLSA Collective Group and/or the Maine Sub-Group are entitled to lost wages, liquidated damages and the other relief requested.

55. The claims of the Named Plaintiff are similar to those of the potential opt-in plaintiffs, in that Named Plaintiff has been subjected to the same conduct as the potential opt-in plaintiffs of the FLSA Collective Group and the Maine Sub-Group, and Named Plaintiff's claims are based on the same legal theory as potential opt-in plaintiffs of the FLSA Collective Group and the Maine Sub-Group.

**FLSA CLAIMS**

56. The Named Plaintiff realleges and incorporates by reference the above paragraphs as if they were set forth again herein.

57. For the past three (3) years, Prudential has willfully violated the FLSA by engaging in a pattern or practice, including the following:

    a. Failing to keep accurate records showing all the time it permitted or required Named Plaintiff and potential opt-in plaintiffs of the FLSA Collective Group to work, which has resulted in the denial of compensation, either at a regular rate or an overtime premium for all time worked in excess of thirty-seven and a half (37.5) hours per workweek, as required by the FLSA; and

    b. Permitting or requiring Named Plaintiff and potential opt-in plaintiffs of the FLSA Collective Group to perform work in excess of thirty-seven and a half (37.5) hours per workweek for the benefit of Prudential and without compensation at the applicable regular and/or overtime premium rates, as required by the FLSA.

**STATE LAW CLAIMS -- MAINE**

58. The Named Plaintiff realleges and incorporates by reference the above paragraphs as if they were set forth again herein

59. For the past six (6) years, Prudential has willfully violated the Maine Wage-And-Hour Law by engaging in a pattern or practice, including the following:

    a. Failing to keep accurate records showing all the time it permitted or required Named Plaintiff and potential opt-in plaintiffs of the Maine Sub-Group to work, which has resulted in the denial of compensation, either at a regular rate or an overtime premium for all work in excess of thirty-seven and a half (37.5) hours per workweek, as required by the Maine Wage-And-Hour Law; and

    b. Permitting or requiring Named Plaintiff and potential opt-in plaintiffs of the Maine Sub-Group to perform work in excess of thirty-seven and a half (37.5) hours per workweek for the benefit of Prudential and without compensation at the applicable

12

regular and/or overtime premium rates, as required by the Maine Wage-And-Hour Law.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff, on behalf of herself and all putative members of the proposed FLSA Collective Group and Maine Sub-Group, pray for relief as follows:

A.       An Order declaring Defendant Prudential's conduct as set forth herein to be in violation of the FLSA and/or the Maine Wage-And-Hour Law;

B.       An Order awarding back pay damages to be paid by Defendant Prudential to the Named Plaintiff and to each and every opt-in Plaintiff of the FLSA Collective Group, including payment for all uncompensated work time at the appropriate regular hourly wage rate and, for all uncompensated work time greater than forty (40) hours per week at one and one-half (1 and ½) times the regular hourly wage rate, and for liquidated damages pursuant to the FLSA for three (3) years prior to said Plaintiffs' filing of a written Consent to Join this case, or, alternatively, for two (2) years prior to said Plaintiffs' filing of such Consent to Join this case, as provided in said statute, in amounts to be proven at trial;

C.       An Order awarding back pay damages to be paid by Defendant Prudential to the Named Plaintiff and to each and every opt-in Plaintiff of the Maine Sub-Group, including payment for all uncompensated work time at the appropriate regular hourly wage rate and, for all uncompensated work time greater than forty (40) hours per week at one and one-half (1 and ½) times the regular hourly wage rate, and for liquidated damages pursuant to the FLSA and/or the Maine Wage-And-Hour Law (26 M.R.S.A. §670), for six (6) years prior to the filing of said Plaintiffs' filing of a written Consent to Join this case, in amounts to be proven at trial;

D.       An Order awarding all Plaintiffs' costs of litigation, including but not limited to expert fees and other expenses;

E.       An Order awarding all Plaintiffs' attorneys fees and expenses; and

F.        An Order awarding such other legal and equitable relief as the Court

deems proper.

## Jury Demand

60. Plaintiff further demands a jury to try all issues triable as of right to a jury, when joined.

Respectfully submitted this 22nd day of July, 2009.

/s/ Nicholas Bull
Nicholas Bull, ME Bar No. 1030
**Thompson, Bull, Furey, Bass & MacColl, LLC, P.A.**
120 Exchange Street
6th Floor
Portland, ME  04112-0447
207-774-7600
202-772-1039 (fax)

*Attorney for Plaintiff*