UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHELLE PRESCOTT, )<br>on behalf of herself and all others )<br>similarly situated, )<br>)<br>       Plaintiff )<br>)<br>v. )<br>)<br>PRUDENTIAL INSURANCE )<br>COMPANY, )<br>)<br>       Defendant ) | Civil No. 09-322-P-H |

### MEMORANDUM DECISION ON TERMS OF CONFIDENTIALITY ORDER

The parties to this proposed collective action for alleged violations of federal and state wage-and-hour laws have been unable to agree on certain specific terms of a confidentiality order, although they both seek such an order. In my Report of Conference and Counsel and Order dated December 22, 2009 (Docket No. 25), I ruled on all of those disputes, except for the question of whether putative collective-action members in a lawsuit pursuant to 29 U.S.C. § 216(b), including those who have consented to join the action and those who have not, are "parties" entitled to receive confidential documents prior to certification by the court of the collective action. I now address this remaining question following the conference reported in Docket No. 25 and the briefs that the parties have filed at my direction.

First, I agree with the plaintiff, Plaintiffs' Memorandum Regarding Defendant's Proposed Confidentiality Order (Docket No. 28) at 1, that the use of the terms "putative class action" and "putative class members" should not be used in the confidentiality order for this case in which

1

the plaintiff seeks certification of a collective action rather than a class action. I have modified the language of paragraph 6(a) to reflect this conclusion.

Second, the plaintiff takes the position that she should be able to disclose materials, designated as confidential by the defendant during the current limited discovery directed to collective-action certification, to individuals who indicate in writing their intention to opt in as plaintiffs, and to individual employees of the defendant who are potential opt-in plaintiffs. *Id.* at 4-5. The defendant strongly disagrees. Defendant's Memorandum in Support of its Proposed Modifications to the Court's Form Confidentiality Order (Docket No. 29) at 2-4.

I do not find any of the case law cited by the parties in support of their arguments to be helpful in resolving this dispute because, while that case law discusses certification of collective actions generally, it does not address the narrow question before me of disclosure to prospective parties. Because the five potential opt-in plaintiffs who have already indicated their desire to participate in this case will not become plaintiffs if the current plaintiff's motion for certification of a collective action is denied, and because other "potential" opt-in plaintiffs may well choose not to opt in under any circumstances, I conclude that the sharing of confidential information with them at this stage of the proceedings would be inappropriate. While such individuals might be willing to sign an acknowledgement of a confidentiality order and agree to be bound by it, it is not at all clear how this court could enforce such an agreement against non-parties. Moreover, even sanctions against the named plaintiff, if justified by the circumstances of a forbidden disclosure, might well be insufficient to repair the potential damage to the defendant.

Significantly, after setting forth in detail the difference between class actions and collective actions, the plaintiff offers no persuasive argument in support of her position that the need for access to materials designated confidential by the defendant at this point in the litigation

by persons who may never become parties outweighs the potential damage that could arise from a forbidden disclosure, or even simply a distribution of the material among "potential" plaintiffs, a group presently undefined.

In short, weighing the equities, I find that the harm to the defendant caused by the potentially premature disclosure of its confidential information to possible non-parties outweighs the plaintiff's need to share that information with her potential co-plaintiffs, particularly when all prospective plaintiffs will apparently be represented by the same counsel.

I note that notice to potential opt-in plaintiffs in collective actions is routinely provided after the action is certified as such. *See, e.g., Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003). The plaintiff offers no suggestion why this procedure would be inadequate in this case. My ruling does not, as the plaintiff complains, constitute "affirmative, court-sanctioned steps to prevent employees from learning about the case." Plaintiffs' Reply Memorandum Regarding Defendant's Proposed Confidentiality Order (Docket No. 30) at [3]. To the contrary, nothing in the confidentiality order prohibits anyone from telling anyone else about this case. All that the order does is to prevent the plaintiff, before the collective action has been certified, from sharing materials designated confidential by the defendant with individuals who have opted-in, or at any time with individuals who never opted-in. Of course, the confidentiality order that I am adopting will, as does this court's standard confidentiality order, provide a mechanism for the plaintiff to challenge any particular confidentiality designation made by the defendant. *See* Confidentiality Order ¶ 9.

For the foregoing reasons, the confidentiality order attached to this memorandum decision is hereby **ADOPTED**. The Clerk is **DIRECTED** to file it on the docket as a separate order.

Dated this 1st day of February, 2010.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge