IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MICHELLE PRESCOTT, )<br> )<br> on behalf of herself and )<br> others similarly situated, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>THE PRUDENTIAL INSURANCE )<br>COMPANY OF AMERICA, )<br> )<br> Defendant. )<br>_____ ) | Civil Action No. 2:09-cv-00322-DBH |

DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED NOTICE

Defendant Prudential Insurance Company of America, Inc. ("Prudential") hereby files this Objection to Plaintiff's Proposed Notice to putative class members that was submitted by Plaintiff Michelle Prescott ("Plaintiff" or "Prescott") as Exhibit A to her Motion for Certification of Collective Action and to Authorize and Facilitate Notice to Eligible Opt-Ins (the "Proposed Notice"). As set forth in Prudential's Response in Opposition to Plaintiff's Motion, Prudential submits that Prescott has failed to meet her burden to demonstrate that collective action certification is warranted in this case and, as a result, no notice should be sent. If, notwithstanding Prudential's opposition, the Court grants Plaintiff's Motion and permits the sending of an opt-in notice of this action to some group of putative class members, the Court should not approve the Proposed Notice because it lacks the balance, neutrality, and clarity required for a notice approved by the Court and omits critical information regarding this lawsuit.

- 2 -

Indeed, Plaintiff's Proposed Notice is fraught with defects, a representative sampling of which is addressed below.[1]

### I.   ARGUMENT AND CITATION OF AUTHORITY

#### A.   Court-Supervised Notice Must Be Balanced, Fair, And Fully Informative.

In appropriate cases, courts have discretionary power to authorize the sending of an opt-in notice to potential class members in a collective action brought under Section 216(b) of the Fair Labor Standards Act.  As has been clear since the Supreme Court's landmark decision in *Hoffmann-LaRoche, Inc. v. Sperling*, any opt-in notice to potential class members about the pendency of a collective action must be approved and supervised by the District Court so as to prevent the "misuse of the class device" and counter any opportunity for "misleading communications" with putative class members.  *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989).  In *Hoffmann*, the Court emphasized that the initial communications with potential members about the collective action must be neutral and should avoid even the appearance of solicitation.  *Id.* at 174 ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the

---

[1] The objections set forth by Prudential herein are by no means exhaustive of the defects in Plaintiff's Proposed Notice.  For example, in addition to the objections noted below, Prudential submits that Prescott's Proposed Notice is misleading and confusing in various other ways.  In the interest of judicial economy and efficiency, if the Court were to grant Plaintiff's request for certification and authorize notice to putative class members, the Court should direct the parties to confer regarding the proper form of the Notice prior to addressing Prudential's objections, as the parties may resolve or narrow their disputes without Court intervention.  *See Scott v. Heartland Home Fin., Inc.*, No. 1:05-CV-2812, 2006 WL 1209813, at * 3-4 (N.D. Ga. May 3, 2006) (noting deficiencies in plaintiff's proposed notice and directing parties to work together to reach agreement on proposed notice within 30 days or submit alternative versions of notice for consideration by the court); *Stanfield v. First NLC Fin. Servs., LLC*, No C 06-3892, 2006 WL 3190527, at *5-6 (N.D. Cal. Nov. 1, 2006) (directing parties to meet and confer regarding form of notice).

action."). The Court also emphasized that the role of the District Court is to ensure that any notice is "timely, accurate, and informative." As set forth below, Plaintiff's Proposed Notice fails to conform with these guiding principles and should not be approved by the Court.

      B.      <u>Representative Objections to Plaintiff's Proposed Notice</u>.

            1.      The Proposed Notice Improperly Suggests Judicial Endorsement of the Merits of Plaintiff's Claims.

The Proposed Notice improperly suggests judicial approval of Plaintiff's claims in various ways. For example, on the first page of the document and in the footer at the bottom of each page, the Proposed Notice indicates that it is being issued from this Court, which is not true. Further, the last page of the document contains a signature line for the Clerk of Court. Were the Court to grant Prescott's Motion, the notice would be issued with the Court's authorization and supervision – but the notice would not come from the Court. To indicate otherwise would suggest to putative class members that the Court has in some way approved or endorsed Plaintiff's claims.

Similarly, while Plaintiff's Proposed Notice includes a brief statement that the Court "expresses no opinion regarding the merits of Plaintiffs' claims or Prudential's defenses or potential liability," this statement is buried within the text of the Proposed Notice and could easily be overlooked when read by a potential class member. The Court should require an additional, bold-faced statement, on the first page of the notice, that the notice is not an expression by the Court of any opinion as to the merits of Plaintiff's claims. *See Boyd v. Jupiter Aluminum Corp.*, No. 2:05-cv-227PPSAPR, 2006 WL 1518987, at *6 (N.D. Ind. May 31, 2006) (sustaining defendant's objection that disclaimer should be on first page of notice).

2. The Proposed Notice is Inappropriately One-Sided.

The Proposed Notice is replete with improper bias. *See Baden-Winterwood v. Life Time Fitness*, No. 2:06-cv-99, 2006 WL 2225825, at *2-3 (S.D. Ohio Aug. 2, 2006) (ordering changes to proposed notice in response to defendant's objections); *Heitmann v. City of Chicago*, No. O4-C-3304, 2004 WL 1718420, at *2-3 (N.D. Ill. July 30, 2004) (same). The most striking example of such bias is the fact that the Proposed Notice sets forth Plaintiff's allegations in substantial detail, but then contains only one cursory sentence stating that Prudential denies the allegations and has asserted "several defenses." Any notice authorized by this Court should include a complete description of Prudential's defenses, including: (1) that Prudential denies that it violated the FLSA or Maine wage and hour law and denies that it had any knowledge or constructive knowledge of any alleged unpaid extra work beyond 37.5 hours in a week by DCMs; (2) that Prudential believes that DC Techs[2] were properly classified as exempt from the overtime requirements of the FLSA and, where applicable, Maine wage and hour law; (3) that Prudential contends that it exercised good faith in (a) ensuring that DCMs were properly compensated for all hours worked, and (b) determining DC Techs were properly treated as exempt under the FLSA and Maine wage and hour law; and (4) that Prudential contends that it fully compensated Plaintiff and all Prudential employees who Plaintiff alleges are similarly situated to her for all time worked.

---

[2] As set forth in more detail in Prudential's response in opposition to Prescott's Motion, it is Prudential's position that DC Techs cannot be similarly situated to Plaintiff or to DCMs generally because DC Techs have been treated as exempt under the FLSA while DCMs have been treated as non-exempt. Further, Prudential submits that the Complaint cannot be read to properly include DC Techs in any putative class certified in connection with this case. In an abundance of caution, however, Prudential addresses issues in the Proposed Notice relating to DC Techs in this Objection, in the event that the Court decides to certify a class that includes DC Techs within its scope.

The Proposed Notice is also inappropriately one-sided because the "*Re:*" line on the first page improperly suggests that Prudential has been found liable for the various claims set forth in that paragraph. In truth, this paragraph adds nothing to the Proposed Notice other than the inappropriate suggestion of wrongdoing by Prudential. This paragraph should be removed from any notice that is approved by the Court.

Furthermore, Plaintiff's Proposed Notice is biased in that it lacks *any* information as to the identity of counsel for Prudential. To be appropriate, a notice must apprise potential plaintiffs of the identity of all counsel, including counsel for Prudential. *See Baden-Winterwood*, 2006 WL 2225825, at *3 (ordering that notice include name and address of defendant's counsel); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003) (requiring plaintiff to add contact information for defense counsel). The Proposed Notice is also objectionable because it suggests that potential plaintiffs may only contact counsel for Plaintiff to obtain further information about the suit. It is not unreasonable to expect that potential plaintiffs will want to speak with representatives of Prudential about this suit before deciding whether to opt-in to the case. Accordingly, Prudential requests that any notice approved by the Court be balanced to include the name and contact information of a Prudential representative to whom potential plaintiffs may direct their questions.

        3.      The Proposed Notice Fails to Inform Potential Opt-In Plaintiffs of the Obligations Associated with Participation in this Lawsuit.

Prudential further objects to Plaintiff's Proposed Notice because it fails to inform potential plaintiffs of their responsibilities if they choose to opt-in to the lawsuit. *See Rivera v. Cemex, Inc.*, No. 6:06-cv-687, 2006 WL 3388455, at * 2 (M.D. Fla. Nov. 21, 2006) ("Any notice, to be approved by this Court, must include a full disclosure of all individuals' rights *and* responsibilities should they decide to opt-in to this suit."). While the document does inform

potential opt-ins that they may be required to provide information, appear for a deposition, and testify in court, it fails to note that plaintiffs may be required to testify in court in Portland, Maine if the case proceeds to trial or their testimony in court is otherwise necessary. *See Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) (requiring that notice include statement of discovery and trial responsibilities).

Similarly, Plaintiff's Proposed Notice is deficient because it does not inform potential plaintiffs of potential monetary obligations associated with participation in the suit. In fact, the Proposed Notice states, erroneously, that potential plaintiffs "are not required to pay any money to participate in this lawsuit." *See Dietrich v. Liberty Square, LLC,* 230 F.R.D. 574, 580 (N.D. Iowa 2005) (holding that notice must include "any fees or advances that a plaintiff would be obligated to pay at any stage of the litigation"). In particular, any notice approved by the Court should explain that opt-in plaintiffs may be responsible for Prudential's costs in this matter if their claims against Prudential are unsuccessful. *See Beck v. DeSoto Health & Rehab, LLC*, No. 2:06-cv-226, 2007 WL 201097, at *1 (M.D. Fla. Jan. 24, 2007) (amending proposed notice to include warning regarding potential responsibility for defendant's costs); *Rivera*, 2006 WL 3388455, at *2 (same); *see also Gjurovich*, 282 F. Supp. at 107 (adding language to notice that opt-in plaintiffs may be liable for costs associated with suit and potential counterclaims that defendants may assert).

    4.  The Proposed Notice is Misleading and Confusing.

The Proposed Notice is potentially misleading and confusing to potential plaintiffs for a number of reasons. First, the proposed definition of the class is vague and therefore potentially confusing. In addition to including DCM Is, DCM IIs, and DC Techs in the proposed class, Plaintiff also seeks to include Prudential employees who worked as disability claims handlers "in

any similar job title processing disability claims." By not limiting the proposed class to those who held certain specific job titles, the proposed class definition introduces significant uncertainty – for both Prudential and prospective class members – as to which current and former Prudential employees are eligible to opt into this lawsuit.

Second, the proposed class definition uses the date the lawsuit was filed – July 22, 2009 – as the starting point for backward temporal scope of the class. However, because the statute of limitations as to any individual class member does not stop running until he or she files a consent to join the lawsuit with the Court, the use of July 22 as the cut-off is misleading. Rather, the scope of any class that is certified should be defined based on the date on which the notice is sent to potential class members.

Third, the Proposed Notice contains a misleading description of the claims that are at issue in the lawsuit. The document states multiple times that the lawsuit involves claims for failure to pay proper straight time wages for work between 37.5 and 40 hours in a week. However, with respect to potential class members who worked for Prudential in New Jersey, there is no claim in this case for gap time pay for any alleged uncompensated hours worked under 40 in a week. By suggesting that all potential plaintiffs are entitled to assert such claims, the Proposed Notice provides a misleading description of the recovery that New Jersey plaintiffs may be entitled to receive.

Fourth, the description in the Proposed Notice regarding the claims of DC Techs is misleading and confusing. The document states in several places that the lawsuit is challenging the alleged misclassification of DC Techs as "exempt from application of the FLSA and Maine state wage-and-hour law," but it fails to explain that these claims are fundamentally different

from the claims of DCMs, and it similarly fails to offer any explanation regarding the basis for such claims or the basis for any potential recovery by DC Techs.[3]

Finally, the Proposed Notice is inconsistent and therefore confusing regarding the steps that a potential plaintiff must take to join the lawsuit. On Page 2, the document states that in order to join the case, a potential plaintiff "must <u>sign</u>, <u>date</u>, and <u>mail</u> the attached Consent To Become Party Plaintiff form to the Plaintiffs' attorneys, Thompson, Bull, Furey, Bass & MacColl, L.L.C., P.A." On Page 3, it further states, "If you wish to participate in this lawsuit, you must mail the attached Consent to Become Party Plaintiff form to the Plaintiffs' lawyers in this case." Such statements would indicate to a potential plaintiff that the *only* way to participate in the lawsuit is through Prescott's attorneys. However, on Page 4, the Proposed Notice states that potential plaintiffs are not required to retain Prescott's attorneys and may hire their own attorneys or represent themselves. Such inconsistencies must be rectified so that potential plaintiffs fully understand the steps they can take to join the lawsuit and are not misled into believing that they must work through Prescott's attorneys to join.

        5.        The Proposed Notice Fails to Set an Appropriate Deadline for Filing Consent Forms.

The Proposed Notice does not specify the length of the opt-in period that Plaintiff seeks. Prudential submits that any notice approved by this Court should specify an opt-in deadline of 30 days from the date of Plaintiff's mailing of the notice and consent forms. A 30-day opt-in period will provide potential plaintiffs with sufficient time in which to assess whether to join the suit. Indeed, a 30-day opt-in period has been utilized by a number of courts. *See, e.g., Cardwell v. Stryden, Inc.*, No. 08-cv-5075, 2009 WL 1407760, at *3 (E.D. Pa. May 18, 2009); *Williams v.*

---

[3] Indeed, the Proposed Notice's failures in this regard further underscore the fact that DC Techs are not appropriately included in any potential class that Prescott might represent.

*Long*, 585 F. Supp. 2d 679, 692 (D. Md. 2008); *Harris v. Healthcare Servs. Group, Inc.*, No. 06-2903, 2007 WL 2221411, at *5 (E.D. Pa. July 31, 2007); *Barron v. Henry County School System*, 242 F. Supp. 2d 1096, 1106-07 (M.D. Ala. 2003). A 30-day opt-in period is particularly appropriate in this case given the length of time that the case has already been pending, and given the newspaper and media coverage that the case has already received.[4]

Additionally, the Proposed Notice states that putative class members may opt-in by sending a completed Consent Form to counsel for Plaintiff by a date to be established by the Court, so that the Consent Form may be filed with the Court by a separate deadline, also to be set by the Court. Because Plaintiff has not proposed dates for either of the applicable dates set forth in the Proposed Notice, it is impossible for Prudential ascertain whether the end of the opt-in period is tied to the date by which Plaintiff's counsel must receive the consent forms or the date which the forms must be filed with the Court. Prudential objects to any opt-in time period that is defined by *receipt* of such Consent Forms by Plaintiff's counsel, instead of the actual *filing* of such forms with the Court.

      6.      Plaintiff Has Not Submitted a Proposed Consent Form.

Though the Proposed Notice references an "attached Consent to Become Party Plaintiff form," no such form is attached to the Proposed Notice. In the event that the Court authorizes Plaintiff to send notice to a group of putative class members, Prudential requests that the Court require that Plaintiff first submit the proposed Consent to Become Party Plaintiff form to the

---

[4] An article about the lawsuit was published in the Portland Press Herald. (Riordan Decl. at ¶ 3 and Ex. A; *see also* < http://www.pressherald.com/archive/south-portlander-sues-prudential-alleging-unpaid-overtime_2009-12-25.html>) Prescott's attorneys also published a classified notice on a New Jersey-based website seeking further participants in the lawsuit. (Riordan Decl. at ¶ 3 and Ex. B)

Court for approval, and that Prudential be given the opportunity to state any applicable objections to the content of the form, before the Court approves any proposed Consent Form.

## II.   CONCLUSION

In summary, Plaintiff's Proposed Notice fails to convey accurate and complete information to notice recipients.  Substantial revisions are required to ensure that potential opt-in plaintiffs receive fair and balanced information.  If the Court finds that conditional certification and notice are appropriate in this action, Prudential respectfully requests that the Court require counsel for the parties to confer regarding the language of a revised notice and, if the parties are unable to reach agreement, provide Prudential an opportunity to submit an alternative proposed notice for the Court's consideration.

Dated:  April 16, 2010

/s/ Robert P. Riordan
Robert P. Riordan
Brett E. Coburn
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000

James R. Erwin
Pierce Atwood LLP
One Monument Square
Portland, ME 04101
jerwin@pierceatwood.com
Tel:  (207) 791-1100

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| MICHELLE PRESCOTT, ) | |
| ) | |
| on behalf of herself and ) | |
| others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Civil Action No: 2:09-cv-00322-DBH |
| ) | |
| v. ) | |
| ) | |
| THE PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, I electronically filed the foregoing

DEFENDANT'S OBJECTION TO PLAINTIFF'S PROPOSED NOTICE with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to the following:

Nicholas Bull
Thompson, Bull, Furey, Ball & McColl, LLC, P.A.
120 Exchange Street, Sixth Floor
P.O. Box 447
Portland, ME 04112-0447

Timothy B. Fleming
Wiggins, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W., Suite 300
Washington, DC 20009

Dated:  April 16, 2010

/s/ Robert P. Riordan
Robert P. Riordan