UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MICHELLE PRESCOTT, et al.,       )
                                 )
       Plaintiffs                )
                                 )
v.                               )     No. 2:09-cv-322-DBH
                                 )
PRUDENTIAL INSURANCE             )
COMPANY OF AMERICA,              )
                                 )
       Defendant                 )


MEMORANDUM DECISION ON MOTIONS FOR LEAVE TO AMEND, SUPPLEMENT,
AND CLARIFY COMPLAINT

The plaintiffs have filed three motions[1] seeking leave to supplement, amend, and "clarify" their complaint in this case alleging violations of federal and state wage-and-hour laws that has been certified as a collective action. I deny the motions.

The plaintiffs seek to do the following:

- Add 12 individuals who have opted in to the class action as individual plaintiffs, so that they may assert claims for retaliation resulting from joining this action and to protect their claims should the collective action be decertified.

- Add individual claims for retaliation that has allegedly occurred after joining this action.

- Add individual claims under the final pay statutes of Maine and New Jersey.

- Add a claim for "gap time" pay.

---

[1] The second motion seeks to add a single individual plaintiff and incorporates the arguments of the first motion by reference. Plaintiff[]s['] Motion for Leave to File Second Supplemental Complaint (Docket No. 119).

Plaintiffs' Motion for Leave to Supplement and Amend Their Complaint ("Motion") (Docket No. 112) at 1-2. The third motion seeks to "clarify" the "gap time" claim. Plaintiffs' Motion to Clarify Exhibit to Plaintiffs' Motion for Leave to Filed Second Supplemental Complaint ("Third Motion") (Docket No. 125).

The scheduling order in effect in this case established a deadline of November 10, 2009 for amendment of the pleadings. Report of Conference of Counsel and Order (Docket No. 17) at 2. The deadline for joinder of parties was stayed by that order, *id*., and has not been revisited. However, the pending motions do not seek to join any parties; they only seek to have individuals who have already opted in named as individual plaintiffs as well.

## I. Retaliation Claims

The plaintiffs' initial concern about decertification is unfounded. In his order granting the plaintiffs' motion for conditional certification of a collective action in this case, Judge Hornby noted that "[i]f the collective action is later decertified, [plaintiffs who opt in] will be dismissed without prejudice, and may pursue their claims individually or seek to rejoin this suit under Rule 20." Memorandum Order and Decision on Plaintiff's Motion for Conditional Certification of Collective Action ("Certification Order") (Docket No. 67) at 22-23 (citations omitted). Thus, there is no need to allow the opt-in plaintiffs to become individual plaintiffs at this time in order to protect their ability to do so at a later time.

The plaintiffs describe the individual retaliation claims that they seek to add at this time as supplemental, because they allege retaliation for their participation in this action and such retaliation must necessarily have arisen after the complaint was filed. Motion at 1. Rule 15(d) of the Federal Civil Rules of Procedure provides, in relevant part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out

2

any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." A motion to supplement a pleading should be freely granted "when the supplemental facts connect it to the original pleading" and absent "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility[.]" *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

The defendant responds that the factual dissimilarities among the 12 retaliation claims would require the court to withdraw its conditional certification, if they were added to this action. Response in Opposition to Plaintiffs' Motion for Leave to Supplement and Amend ("Opposition") (Docket No. 115) at 12.[2] It asserts that 10 of the 22 individuals who opted in and are now seeking to appear as individual named plaintiffs do not assert retaliation claims. *Id.* at 3; *see* [Proposed] Plaintiffs' First Supplemental and Amended Complaint (Docket No. 112-1) ¶ 62. Of the 12 who do,

> some simply went out on a disability leave and were later terminated when they proved unable to return to work. Others were terminated for falsely reporting that they had completed work which they had not done. Still others were terminated for failing to meet production or other performance standards, usually after a series of increasingly significant warnings. Some simply resigned. Two remain employed.
>
> Of those terminated for falsifying information or otherwise failing to meet performance expectations, the scenarios involved at least three different supervisors working in four different groups in two different states. Of those separated for any reason, four were separated <u>prior</u> to filing consents to join the case, and six after such consents had been filed. With regard to the latter group, the time between the filing of the consent and the separation from employment ranges from three to fourteen months. Moreover, according to Movants, several of those wishing to pursue retaliation claims will rely upon individualized constructive discharge theories.

---

[2] The plaintiffs did not file a reply to the defendant's opposition to the motion at issue.

Opposition at 3-4 (citations and footnote omitted; emphasis in original). Such differences counsel against granting the plaintiffs' motion. *See Cruz v. Bristol Myers Squibb Co. P.R.*, 264 F.R.D. 22, 24 (D.P.R. 2010); *see also Smith v. North Am. Rockwell Corp.*, 50 F.R.D. 515, 522-23 (N.D. Okla. 1970).

A plaintiff seeking to supplement his or her complaint with an allegation that the defendant unlawfully retaliated against him or her for the act of bringing the complaint must provide some factual substantiation beyond merely stating a claim on which relief may be granted. *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996). This is especially true when the proposed added claim is asserted long after the filing of the original complaint (about 23 months, in this case), *id.*, and long after the deadline for amendment of the pleadings has passed (here, about 16 months). The defendant has provided evidence that the plaintiffs' assertion that all 12 of the proposed new plaintiffs who seek to add personal retaliation claims did not, in fact, suffer that alleged retaliation only after opting in. The last consent to opt in (Docket No. 103) was filed four months before the current motion was filed.

Here, the plaintiffs offer no evidentiary substantiation and no suggestion of a reason why the supplementation now sought could not have been sought much earlier. "[W]here, as here, a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979) (internal quotation marks and citation omitted). I realize that some of the retaliation claims would be asserted by individuals who only opted in as recently as six and a half months before the instant motion was filed (*e.g.*, Docket No. 99, Camella Field, November 22, 2010), but the plaintiffs also seek to allow others who have been part of this action as early as December

4

11, 2009, (Docket No. 23, Michael Carpenter) to do so. Whether six months or 18 months, these delays require an explanation, which has not been provided.

The plaintiffs offer no other reason to allow the proposed addition of the opt-in plaintiffs as individual plaintiffs. Accordingly, that portion of the motion is denied, as well as the motion to allow existing individual plaintiffs to add such claims.

## II. Pay Claims

The plaintiffs appear to admit that their proposed claim for "gap time" pay involves amendment rather than supplementation of their complaint. Motion at 5-6. They characterize their proposed state-law claims for "final pay" as supplemental. *Id*. at 2. However, as Judge Hornby noted in his order granting conditional collective action certification, no New Jersey state-law claims are asserted in the operative complaint. Certification Order at 9 n. 6. Accordingly, any added claims asserted under New Jersey law cannot fairly be characterized as supplemental.

The claims for "final pay" are asserted in paragraphs 78-82 of the proposed amended complaint. The Maine-law claims cannot reasonably be characterized as supplementation of the original complaint. *Compare* Collective Action Complaint for Violations of Federal and State Wage-and-Hour Laws (Docket No.1), *passim*, *with* Plaintiffs' First Supplemental and Amended Complaint, Including Claim for Collective Action for Violations of Federal and State Wage-and-Hour Laws (Docket No. 112-1) ¶¶ 78-82.

To the extent that the plaintiffs' proposed claims are a motion for leave to amend, it is brought approximately 19 months after the deadline for doing so. When leave to amend a pleading is sought after the scheduling order's deadline for doing so has passed, the party seeking leave must demonstrate either good cause for its failure to do so before the deadline or

5

excusable neglect. Fed. R. Civ. P. 16(b)(4); *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004). If it does not contend that its delay was due to excusable neglect, the party must show that the deadline could not reasonably be met despite its diligence. *Id.*; *see also Roberge v. Lupo LLC*, 254 F.R.D. 21, 23 (D. Me. 2008).

The plaintiffs do not address this standard at all with respect to their proposed "final pay" claims. With respect to the "gap pay" claims, they assert only the following:

> Here, the claim to be added, plaintiffs' claim for breach of contract, involves no new facts and does little or nothing to alter the scope of discovery. Rather, the amendment clarifies the original Complaint by including an additional legal theory of recovery under the same set of facts already in play. The defendants will not be unfairly surprised or unduly prejudiced and the amendment should be allowed in the interests of justice.

Motion at 6. This conclusory assertion does not address the applicable legal standard and is insufficient to support the relief sought by the motion.

The plaintiffs have not disputed the defendant's assertion that both the "final pay" and the "gap pay" claims were available to the plaintiffs at the time that the complaint was originally filed, or, at the latest, before the deadline for amendment of the pleadings. Opposition at 14. I see no evidence in the record to suggest that this assertion by the defendant is incorrect.

On the showing made, the motion for leave to amend to add claims for "final pay" and "gap pay" is denied. This, in turn, renders the Third Motion, the motion to "clarify" the "gap pay" claim, moot.

### III. Conclusion

For the foregoing reasons, the plaintiffs' motions (Docket Nos. 112, 119, and 125) are **DENIED**.

## NOTICE

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 31st day of August, 2011.

                                                                /s/ John H. Rich III  
                                                                 John H. Rich III  
                                                                 United States Magistrate Judge