UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHELLE PRESCOTT, ET. AL., | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| v. | ) | No. 2:09-cv-00322-DBH |
| | ) | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) | |
| | ) | |
| DEFENDANT | ) | |

PROCEDURAL ORDER

In this Fair Labor Standards Act collective action, the parties have submitted a proposed settlement agreement and seek my approval. I have read the proposal and concluded that a conference of counsel would be helpful. At the conference, I request that counsel be prepared to address the following questions:

1. Why are the settlement amounts not being disclosed to all of the plaintiffs? See, e.g., Maine Rule of Prof'l Conduct 1.8(g) & cmt. 13 (stating that an attorney representing multiple clients "must inform each of them … what the other clients will receive or pay if the settlement or plea offer is accepted"); and FORMAL OPINION 06-438: LAWYER PROPOSING TO MAKE OR ACCEPT AN AGGREGATE SETTLEMENT OR AGGREGATED AGREEMENT pp. 4-5 (American Bar Association Standing Committee on Ethics and Professional Responsibility) (Feb. 10, 2006) (listing "[t]he details of every other client's participation in the

1

aggregate settlement" among the "minimum" information that must be disclosed to clients to whom a settlement proposal is made).

2. Why should the settlement agreement and hearing be confidential, especially when class action settlements are required to be public? See, e.g., Stalnaker v. Novar Corp., 293 F.Supp.2d 1260 (2003); Perry v. National City Bank, No. 05-cv-891-DRH, 2008 WL 427771 (S.D. Ill. Feb. 14, 2008); and ROBERT B. FITZPATRICK, "Cutting Edge Employment Law Issues," CURRENT DEVELOPMENTS IN EMPLOYMENT LAW: THE OBAMA YEARS AT MID-TERM (American Law Institute - American Bar Association Continuing Legal Education) (July 28 - 30, 2011) (citing inter alia Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227 (2010); Poulin v. Gen. Dynamics Shared Res., Inc., 3:09-cv-00058, 2010 U.S. Dist. LEXIS 47511 (W.D. Va. May 5, 2010); and Baker v. Dolgencorp, Inc., No. 2:10cv199, 2011 U.S. Dist. LEXIS 5208 (E.D. Va. Jan. 19, 2011).)

3. Why does the settlement agreement provide for termination of the plaintiffs' employment?

4. How have the individual settlement payments been calculated? For example, is there a mathematical formula that has guided the amount of each employee's payment?

5. In assessing whether the settlement is reasonable, should I have a statement explaining its reasonableness from the person who mediated it?

    6. How were the attorneys' fees negotiated and determined?

Counsel may also wish to consult, as I have, THE FAIR LABOR STANDARDS ACT (Ellen C. Kearns ed., BNA Books) (2010).

**SO ORDERED.**

**DATED THIS 28TH DAY OF NOVEMBER, 2011**

                              /S/D. BROCK HORNBY_____
                              **D. BROCK HORNBY**
                              **UNITED STATES DISTRICT JUDGE**