IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

MICHELLE PRESCOTT,                          )
                                            )
   on behalf of herself and                 )
   others similarly situated,               )
                                            )
        Plaintiffs,                      ) Case No. 2:09-cv-00322-DBH
                                            )
   v.                                       )
                                            )
THE PRUDENTIAL INSURANCE                    )
COMPANY OF AMERICA,                         )
                                            )
        Defendant.                       )
_____             )

DECLARATION OF MICHAEL D. YOUNG

The undersigned Michael D. Young hereby gives his declaration, as follows:

1.

My name is Michael D. Young.  I am an attorney and professional mediator working primarily through JAMS out of its New York office.  Since joining JAMS full-time in 1989, I have conducted in excess of 1500 complex or multi-party mediations and arbitrations.  I am a fellow of the College of Commercial Arbitrators, a member of the College of Labor & Employment lawyers and also a member of the CPR International Institute for Conflict Prevention and Resolution Panel of Distinguished Neutrals.  Together with another mediator who regularly assists me, Robin Gise, I mediated the dispute between Michelle Prescott and several others who joined her in bringing claims against The Prudential Insurance Company of America in Maine.

2.

The first full day of mediation took place in New York on July 14, 2011.  In advance of that mediation session, I spent substantial time on the telephone with counsel for all parties in

LEGAL02/33013888v1

order to gain general understanding of the dispute and to plan for the mediation. Several of the Plaintiffs attended the session in person and others were in periodic telephone contact with Plaintiffs' counsel, Ms. Gise, and me. As is customary, Ms. Gise and I spent a fair amount of time attempting to gain a more complete understanding of the Plaintiffs' claims and the company's defenses. All Plaintiffs urged claims for unpaid wages, including gap time and overtime, and several of the Plaintiffs urged retaliation claims as well. The session lasted the full day and included, among other things, a review of data produced from Prudential's various computer and other systems which indicated activity for each Plaintiff. The retaliation claims were also discussed in detail. By the end of the day and after substantial direct conversation with several of the Plaintiffs themselves, I believe we had achieved a framework from which further discussions could occur. To facilitate those intended future discussions, I spoke with company counsel regarding the possibility of producing additional data that I believed would be helpful in promoting settlement.

3.

Mediation resumed in New York on August 4 and continued through August 5. By this time, Prudential had supplied additional individualized data reports as well as a modified analyses regarding work activity in the company's various computer and other systems. The parties used these data to try to approximate the workdays of the Plaintiffs and then determine whether additional pay was arguably due. Once again, I spent a great deal of time with counsel for all parties as well as a company representative working through the issues and assessing the various data and reports that were before the group. Plaintiffs' counsel, in turn, was in contact with several of the Plaintiffs as well. Discussions during these sessions included attention to the number of weeks worked by each Plaintiff during the damages period as well as what

- 2 -

Prudential's systems suggested was time arguably worked by the various Plaintiffs during those weeks. The parties spent a fair amount of time focused upon how periods of relative inactivity in the company's systems should be treated. Some of the reports supplied by Prudential ("all-in reports") were designed to provide Plaintiffs the benefit of the doubt regarding periods of inactivity. Also, just prior to these sessions, Ms. Gise and I interviewed some of the plaintiffs at length regarding their retaliation claims, and my work with Plaintiffs and their counsel during the ensuing mediation sessions also included further discussion of the retaliation claims. As discussions progressed, I worked to bring the parties towards what I viewed to be a fair and reasonable settlement, and progress was made.

4.

While progress was made, settlement was not achieved by the time the August 5 mediation session ended. The parties committed, however, to continue discussions, and Ms. Gise and I worked by telephone to continue the mediation after the in-person sessions concluded. Ms. Gise in particular had multiple telephone calls and email messages with counsel for Plaintiffs and counsel for the company, and additional information was produced and reviewed, including write-ups designed to substantiate the retaliation claims. Multiple additional offers and counteroffers were exchanged. Ultimately, in approximately early November, settlement was achieved subject to court approval. By that time, Ms. Gise and I had devoted in excess of 50 hours to mediating this dispute.

5.

I am aware of the terms of the settlement reached by the parties and believe it to be fair and reasonable. First and foremost, I am persuaded by the protracted arms-length negotiations conducted by the parties and the information at hand during the course of the negotiations. I

believe that the fact that the parties engaged in such a process on an informed basis leads to a result which is fair and reasonable.  Moreover, during the course of the mediation sessions I had an opportunity to communicate with many of the Plaintiffs directly and to hear the positions of others as related to me by Plaintiffs' counsel.  I likewise had an opportunity to hear from the company regarding its legal and factual defenses, and to review a substantial amount of the data and reports prepared and furnished by the company.  Taking these matters into consideration, I believe that the settlement achieved by the parties is fair and reasonable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this Ninth day of December, 2011.


/s/ Michael D. Young
Michael D. Young

LEGAL02/33013888v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

MICHELLE PRESCOTT,                     )
                                       )
     on behalf of herself and          )
     others similarly situated,        )
                                       )
               Plaintiffs,             )     Civil Action No: 2:09-cv-00322-DBH
                                       )
     v.                                )
                                       )
THE PRUDENTIAL INSURANCE               )
COMPANY OF AMERICA,                    )
                                       )
               Defendant.              )
_____  )

CERTIFICATE OF SERVICE

I hereby certify that on December 09, 2011, I electronically filed the foregoing

DECLARTION OF MICHAEL D. YOUNG with the Clerk of the Court using the CM/ECF

system, which will send notification of such filing to the following:

Nicholas Bull
Edward MacColl
Thompson, Bull, Furey, Ball & McColl, LLC, P.A.
120 Exchange Street, Sixth Floor
P.O. Box 447
Portland, ME 04112-0447

Timothy B. Fleming
Wiggins, Childs, Quinn & Pantazis, PLLC
1850 M Street, NW
Suite 720
Washington, DC 20036

Dated:  December 09, 2011

                                        /s/ Robert P. Riordan

LEGAL02/33013888v1