# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHELLE PRESCOTT, ET. AL., | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| v. | ) | No. 2:09-cv-00322-DBH |
| | ) | |
| PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| DEFENDANT | ) | |

### PRELIMINARY ORDER ON JOINT MOTION TO APPROVE SETTLEMENT OF COLLECTIVE ACTION, FOLLOWING DECEMBER 12, 2011 CONFERENCE OF COUNSEL ATTENDED BY 17 PLAINTIFFS IN PERSON OR BY TELEPHONE

1.      The plaintiffs' counsel informed me that all the plaintiffs now know each plaintiff's recovery, thereby satisfying Maine Rule of Professional Conduct 1.8(g) and its Comment 13.  By January 13, 2012, the plaintiffs' counsel shall inform the court and opposing counsel that all the plaintiffs have provided him written consent, by email or otherwise, to all of the settlement's material terms, including what each and every client will receive if the settlement is accepted.

2.      The parties have satisfied me through their written filings and their oral presentations that there is a bona fide dispute over both Fair Labor Standards Act (FLSA) coverage and amounts due.  I make this conclusion partly because the plaintiffs lack records that would firmly establish their hours worked and resolve issues of liability, such as whether management personnel knew they were working overtime.  In light of these uncertainties, I conclude that it is appropriate to approve a settlement in this case and that the

settlement is not merely a discounting of what would otherwise be an employee's rightful recovery.  See Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 719-720 (E.D. La. 2008).  I delay finding whether the settlement amounts are reasonable until I am in a position to rule on the appropriateness of the attorney fee request.

3.    The parties have not satisfied me that the settlement agreement should remain confidential.  Parties are free to settle their cases without court approval.  But in the FLSA context, for an employee's waiver of his rights to unpaid wages and liquidated damages to be binding, either the U.S. Secretary of Labor must supervise the settlement or a court must approve it.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Part of the judicial role is to assure that the FLSA is being properly applied and that the lawsuit is not being used as a device to discount employees' rightful claims.  Id. at 1354.  The public also has an interest in determining whether the court is properly fulfilling its duties when it approves an FLSA settlement. Open court records support that process, and absent some compelling reason, sealing an FLSA agreement thwarts the public's independent interest in assuring that employees' wages are fair.  See Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003).  In addition, approving an FLSA settlement is a judicial act that makes the document a judicial record.  Id. Therefore, the settlement is presumed to be open to the public, particularly when the "right" at issue is of a "private-public character," as the Supreme Court has described employee rights under the FLSA.  Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 709 (1945).  See also Joo v. Kitchen Table, Inc., 763 F.

Supp. 2d 643, 646 (S.D.N.Y. 2011) (stating that the court's research, which cited 19 cases, "has not revealed a single federal case that considers the question and holds that the presumption of public access does not attach to FLSA settlements.") The defendant here would prefer to keep the settlement agreement confidential. However, its reasons are the general reasons that defendants prefer not to disclose what they are paying.[1] This interest alone is not sufficient to rebut the presumption of public access. See Baker v. Dolgencorp, Inc., No. 2:10cv199, 2011 U.S. Dist. LEXIS 5208 (E.D. Va. Jan. 19, 2011). Finally, settlements in class actions are ordinarily not confidential. Although settlement agreements are sealed in some contexts (e.g., where court approval must be obtained only because a minor's claim is being settled), I see no just cause for sealing this agreement.

4. I do not have an adequate record to rule on the attorney fees request. At the conference, the plaintiffs' lawyer told me that there is a fee agreement with each of the plaintiffs, including the opt-in plaintiffs, although not all plaintiffs signed at the time they opted in. I have not seen these fee agreements. He also told me that the fee amount in this case [the total amount

---

[1] In the joint motion and at a conference of counsel, the defendant cited two FLSA cases in which judges did approve confidential settlements. These cases are Trinh v. JP Morgan Chase & Co., No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. Mar. 3, 2009), and Williams v. Aramark Sports, LLC, No. 10-1044, 2011 WL 4018242 (E.D. Pa. Sept. 8, 2011). Neither of those decisions engaged in a robust analysis of the respective settlement's confidentiality provision, and the weight of authority is to the contrary. Further, Williams was not only an FLSA suit but also a class action, and the court's memo discussing the order disclosed the total amount of the settlement and the formula each participating claimant was eligible to receive, more information than the parties have agreed to disclose here. Memorandum at 3-4 (Docket Item 22), filed in Williams v. Aramark Sports, LLC, No. 10-1044, (E.D. Pa. Sept. 8, 2011). The defendant also cited a third case, Flinders v. Workforce Stabilization Plan of Philips Petroleum Co., No. 2:04-CV-541DAK, 2008 WL 189680 (D. Utah Jan. 18, 2008), but I do not find it applicable, because it involves the Employee Retirement Income Security Act, not the FLSA with the latter's distinctive judicial role in settlements.

appears in the settlement agreement] emerged somewhat as follows: The parties were working with a mediator to try to resolve their dispute and discussing only the actual recoveries the individual plaintiffs would receive, not including fees. The plaintiffs were prepared at one point to leave determination of a fee award to the court. But at some point during the proceedings, it became apparent that the case would settle only on the basis of a global settlement that included attorney fees, and that is what occurred. I conclude, therefore, for the reasons that I discussed at length in <u>Nilsen v. York County</u>, that this has become a common funds attorney fee arrangement and is no longer to be treated as a fee-shifting case. 400 F. Supp. 2d 266 (D. Me. 2005). Although it appears from what the lawyer has told me that each of the plaintiffs may have approved the fee arrangement, I must nevertheless determine whether the requested fees and expenses are reasonable. The First Circuit permits me to do that on a percentage of funds basis, as I said in <u>Nilsen</u>, 400 F. Supp. 2d at 270, but I have also ruled previously that I will follow the Seventh Circuit's market-mimicking approach in assessing the fee. <u>Nilsen</u>, 400 F. Supp. 2d at 278-79. Thus, I need the plaintiffs to present me a motion for fees, explaining the amount of their request, and providing supporting documents and information. This information should include the fee agreements and—so that I can perform the lodestar cross-check—the attorneys' time, rates, and expenses.

5.    By January 13, 2012, the parties shall notify me whether they still seek judicial approval of the settlement, given my ruling on confidentiality and my request for more attorney fee information. If they still do seek such

approval, by the same date, the plaintiffs' counsel shall provide the additional information in support of the request for attorney fees.

**So Ordered.**

**Dated this 20th day of December, 2011**

/s/D. Brock Hornby
**D. Brock Hornby**
**United States District Judge**