## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

_____

MICHELLE PRESCOTT, *et al.*

      Plaintiffs,

      *vs.*

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

      Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 09-322-P-H

### PLAINTIFFS' MOTION TO APPROVE ATTORNEYS' FEE COMPONENT OF SETTLEMENT AGREEMENT

#### INTRODUCTION AND REQUEST FOR EXPEDITED REVIEW

Pursuant to the Court's Preliminary Order on Joint Motion to Approve Settlement of Collective Action, dated December 20, 2011 (document 180), the plaintiffs submit this motion to approve the attorney fee component of their settlement agreement with the Prudential Insurance Company of America. Although the plaintiffs appreciate the courtesy extended by the Court in allowing them until mid-January to file this motion, the plaintiffs and counsel are filing all requested information and this motion as promptly as possible, as many of the plaintiffs are depending on the funding of their settlement to fund pressing needs. For that reason, the plaintiffs respectfully ask that the Court finally approve their settlement with Prudential as expeditiously as possible.

With respect to their request for expedited treatment, plaintiffs also note that delay may prejudice their substantive rights. Plaintiffs of course do not know whether the settlement will be approved. They also do not yet know whether they will be allowed to amend, supplement and clarify their complaint in this matter to assert retaliation, gap-time and final-pay-act claims. If the

settlement is not approved and if the plaintiffs are not permitted to assert in this case the referenced claims, several of the plaintiffs will seek to assert those claims in separate actions, including by withdrawing from this proceeding; delay in going forward with those separate claims would result in portions of some plaintiffs' claims being lost to applicable statutes of limitation.  Thus, delay could irreparably injure some plaintiffs.

### ADDITIONAL FACTUAL INFORMATION

Fortunately, plaintiffs' counsel are confident that the attorneys' fee component of the settlement agreement clearly is fair, reasonable and appropriate and should be approved for at least the following reasons:

1.    The plaintiffs are contractually obligated to pay counsel a fee significantly in excess of the requested fee;

2.    The fee is substantially below (and is significantly less than half) the attorneys' lodestar fee amounts;

3.    The agreed-upon fee represents a substantial savings to the plaintiffs and was arranged to augment the plaintiffs' recoveries, which savings in all likelihood would not and will not otherwise be available to the plaintiffs.

The fees and disbursements the plaintiffs' attorneys have agreed to accept if the settlement is confirmed are as follows:

**Thompson, Bull, Furey, Bass & MacColl**

| | |
|---|---|
| Fees | $212,515 |
| Disbursements | $  17,641 |
| Total | $230,156 |

**Timothy Fleming and Wiggins, Childs, Quinn & Pantazis**

| | |
|---|---|
| Fees | $105,870 |

Disbursements     $   4,408
Total                     $110,278

Detail concerning the disbursements are attached to the declarations of Timothy Fleming and Nicholas Bull filed herewith.

Attached hereto as exhibits are the twenty-two contingent fee agreements between Thompson, Bull and the plaintiffs.  Each agreement provides for a fee recovery of one-third of the gross recovery or the amount of any fee awarded by the court, whichever is greater.  As the declaration of Attorney Bull confirms, the contingent fee agreements are reasonable and customary among experienced lawyers handling employment disputes in Maine, such as the plaintiffs' team of lawyers in this matter.  The fees the counsel have agreed to accept if the settlement agreement is approved are less than one-third of the gross recovery (31.3217%) and substantially less than the amount the plaintiffs and their attorneys  would be requesting in a contested fee application under the FLSA or otherwise.

The declarations of Timothy Fleming and Nicholas Bull explain that the proposed fee is substantially below the firms' respective and combined lodestar fee amounts, which would be the minimum fee recovery the plaintiffs would seek under the FLSA: at least $527,151 in the case of Thompson, Bull and at least $346,500 in the case of Mr. Fleming and his firm (depending on which rate the Court might approve for Mr. Fleming).  The combined lodestar fee amount of at least $873,651 means that the plaintiffs' lawyers have agreed to accept $555,266 less than their lodestar fee amounts or an aggregate reduction of 63.557 percent.

If the settlement agreement is not approved, the plaintiffs and their counsel reserve the right to and will seek a recovery from Prudential of the full amount of their fees and additional fees incurred hereafter.  Plaintiffs' counsel believe the negotiated settlement shifted value of the plaintiffs' right to recover attorneys' fees to their ability to recover on wage and retaliation claims,

3

thereby transferring from plaintiffs' counsel to plaintiffs a significant portion of the value of the plaintiffs' claims.

As explained in the declarations of Attorneys Bull and Fleming, plaintiffs and their counsel believe that the hours expended were necessary as a result of the strongly contested nature of this case, which has been pending for nearly two and one-half years.[1]

### DISCUSSION

The Preliminary Order explains that for reasons discussed in *Nilsen v. York County*, 400 F. Supp. 2d 266 (D. Me. 2005), and because part of the negotiations with Prudential focused on a global dollar recovery "this case has become a common funds attorney fee arrangement and is no longer to be treated as a fee-shifting case." Although *Nilsen* provides important measures appropriately used in evaluating the attorney fee portion of the settlement agreement, we believe there are also important distinctions between this case, on the one hand, and *Nilsen* and most if not all other common fund cases, on the other hand, including the following:

1. Each of these plaintiffs plainly had and has an attorney-client relationship with the plaintiffs' team of attorneys;

2. Each of the plaintiffs in this case has a fee contract with counsel;

3. Each of the plaintiffs has been informed of and agreed not only to that fee arrangement, but the different (and smaller) amount of fees counsel ultimately agreed to accept;

4. Although the parties' negotiations, at times, involved discussions of a global recovery, each plaintiff (and therefore each person with a right of recovery from the overall

---

[1] Although Prudential has not yet responded to plaintiffs' merits discovery request, the record reflects that this FLSA case involved unusually extensive discovery in the pre-conditional-certification stage, including extensive deposition discovery of Prudential and many of the plaintiffs. Additionally, plaintiffs' counsel has diligently gathered, and Prudential has provided, many thousands of pages of documents pursuant to the applicable statutes that require employers to provide employees with copies of their personnel files.

recovery) was represented individually, provided settlement authority and, ultimately, each plaintiff signed a settlement agreement under which he or she agreed to a specific recovery and also agreed to the recovery by their attorneys of a specific amount to be paid by the defendant;

5.    The settlement agreements in this case do not provide for the funding of a global amount with counsel to recover whatever amount (with no prescribed limit) the Court might award;

6.    Plaintiffs' counsel have agreed with every plaintiff (and therefore every beneficiary of any fund) to a significant reduction in the amount counsel otherwise would and otherwise will seek to recover.

7.    No rule or statute requires court approval of the fee recovery in this case; approval of the settlement was a condition imposed by Prudential because, as the Court explained in its Preliminary Order, the releases contained in the agreements might be unenforceable absent such approval.   Instead, counsel agreed with their clients and Prudential *not* to seek judicial determination of reasonable fees in this case precisely so that counsels' recovery would be limited to a one-third contingency (and then agreed to a further reduction below one-third).

8.    Each of the plaintiffs is a voluntary participant in this case, having opted in, and each plaintiff chose this team of lawyers to represent him or her, having been informed by Court-approved notice that he or she had the option not to opt into this case or to opt in but either select other counsel or participate pro se.[2]  Accordingly, the Court's concern

---

[2] The Court's Preliminary Order correctly notes that not all plaintiffs signed contingent fee agreements at the same time he or she opted into the case.  Each plaintiff, however, selected counsel at or before the time he or she joined the litigation either by opting in or, in the case of Ms. Prescott, by the filing of the complaint.

that in *Nilsen* it was required to substitute its judgment for market forces is not fully

implicated here.

Notwithstanding those points of distinction, the Court's careful analysis in *Nilsen* provides

an excellent framework that, we submit, warrants approval of the attorney fee component of the

parties' settlement agreement.

As the Court explained in *Nilsen*, "it is [] well established for non-class actions that the

statutory amount that a defendant is required to pay under a fee-shifting principles does not limit the

amount the plaintiff must pay the plaintiff's lawyer." Nilsen v. York County, 400 F. Supp.2d at

272. This of course is a non-class action and each plaintiff has a contract with counsel.

Nilsen carefully teaches that the Court's benchmark in approving fees should be whether the

"total fee is reasonable when examined as a percentage of recovery?" *Id*. at 271. The proposed fee

is less than fee market forces would ordinarily generate under a percentage of funds or other basis.

Mr. Bull's declaration summarizes his familiarity with employment litigation in Maine and with the

fees charged in Maine in handling such cases. As he explains, the fee agreements in this case are

customary and even generous especially given the coordinated effort of experienced Maine counsel

with leading national counsel, all without any premium being charged to the plaintiffs. The

generous nature of that arrangement is augmented by counsels' agreement not to seek a lodestar fee

recovery, which is designed to shift value and recovery to the plaintiffs and by their further

reduction of the fees below one-third. It is true that the percentage agreed upon (a reduced

percentage of 31.3217) exceeds the amount awarded in *Nilsen*. But there are important distinctions

between true class-action, common fund cases and this case in evaluating a reasonable percentage.

Having a contract and an attorney-client relationship with each and every participating claimant

entails or is likely to entail much greater work on a per-claimant basis, greater risk and, we submit,

greater responsibility.  The plaintiffs' team of four lawyers works out to nearly one lawyer for every five plaintiffs, a far different ratio than would typically exist in a true class-action, common fund case or than existed in *Nilsen*.

As the declarations of Mr. Bull and Mr. Fleming make clear, the requested fee is substantially less than any fee a lodestar cross-check would recommend.  *Nilsen* explains that "[w]hen the lodestar cross-check shows that the percentage of fee is lower than the fees the lawyers have accrued on a time-and-service basis, it is relatively easy to support a percentage-based fee."  *Id*. at 271.

CONCLUSION

Although counsel and the plaintiffs remain available to answer any questions the Court may have, for all of the foregoing reasons, the plaintiffs respectfully pray that the Court approve expeditiously the fee component of their settlement agreement.

**EXECUTED** at Portland, Maine this 22nd day of December, 2011.


/s/ Timothy B. Fleming
Timothy B. Fleming, DC Bar#351114
Wiggin, Childs, Quinn & Pantazis, PLLC
2031 Florida Avenue, N.W., Suite 300
Washington, DC  20009
(202) 263-3683


/s/ Nicholas Bull
Nicholas Bull, BRN #1030
Edward S. MacColl, BRN #2658
Thompson, Bull, Furey, Bass & MacColl, LLC, P.A.
120 Exchange Street
P.O. Box 447
Portland, ME 04112-0447
(207) 774-7600


*Attorneys for Plaintiffs*

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

_____

MICHELLE PRESCOTT, *et al.*    )

Plaintiffs,    )

*vs.*    )    Case No. 09-322-P-H

PRUDENTIAL INSURANCE
COMPANY OF AMERICA,    )

Defendant.    )
_____ )

## CERTIFICATE OF SERVICE

I, hereby certify that on December 22, 2011, I electronically filed the foregoing *PLAINTIFFS' MOTION TO APPROVE ATTORNEYS' FEE COMPONENT OF SETTLEMENT AGREEMENT* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Robert P. Riordan
> Edmund M. Morrell
> Alston & Bird, LLP
> 1201 W. Peachtree Street
> Atlanta, GA  30309-3424
> (404) 881-700
>
> James R. Erwin
> Pierce Atwood, LLP
> One Monument Square
> Portland, ME  04101
> (207) 791-1100
>
> *Attorneys for Defendant*

/s/ Edward S. MacColl
Edward S. MacColl
Attorney for Plaintiffs

8