UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MICHELLE PRESCOTT, ET. AL.,  )<br>  )<br>          PLAINTIFFS    )<br>  )<br>v.            )<br>  )<br>PRUDENTIAL INSURANCE   )<br>COMPANY OF AMERICA,   )<br>  )<br>          DEFENDANT    ) | No. 2:09-cv-00322-DBH |

**FINAL ORDER APPROVING SETTLEMENT AND
ATTORNEY FEES IN FLSA COLLECTIVE ACTION**

In response to my Preliminary Order on Joint Motion to Approve Settlement of Collective Action dated December 20, 2011, the parties have provided the information that I requested. As a result, I now make the following findings and rulings:

1.     The parties shall file an unsealed copy of the settlement agreement by Friday, December 30, 2011.

2.     The plaintiffs' counsel informed the court and opposing counsel that, in compliance with Maine Rule of Professional Conduct 1.8(g) and its Comment 13, he has written consents to the settlement from all the plaintiffs following their knowledge of what each plaintiff individually will receive.

3.  The plaintiffs' counsel has satisfied me that the fee request is reasonable applying the Nilsen factors.[1]  See  Nilsen v. York County, 400 F. Supp. 2d 266 (D. Me. 2005).

    a.  It is less than the fee agreed to individually by each member of the collective action[2];

    b.  It is less than the market rate for such a lawsuit;

    c.  It is substantially less than the lodestar amount based upon counsel's rates and time invested.  According to my mathematics, the lodestar for Thompson, Bull, Fury, Bass & MacColl is $527,063.50.[3]  According to my mathematics, the lodestar for Timothy B. Fleming (when paid at the Maine rate

---

[1] The plaintiffs state in their Motion to Approve Attorneys' Fee Component of Settlement Agreement that "[n]o rule or statute requires court approval of the fee recovery in this case. . ." (Docket Item 182, p. 5.)  That may be literally true, but the parties have requested court approval of their settlement agreement, a condition to its enforceability according to caselaw that I have cited in earlier rulings, and their settlement agreement explicitly includes attorney fees.  Thus, court approval of the fee recovery is required, albeit by caselaw and agreement.

[2] Each member of the collective action signed a contingent fee agreement prior to signing the settlement agreement.  Each of these contingent fee agreements states that the plaintiff's attorney fees "shall not exceed" either one-third "of all amounts collected or court-awarded attorneys' fees, whichever amount is greater."  Paragraph 2 of the settlement agreement states that, on behalf of the plaintiffs, the defendant Prudential will pay Thompson, Bull, Furey, Bass & MacColl a total of $230,155.  According to the plaintiffs' Motion to Approve Attorneys' Fee Component of Settlement Agreement, this total includes $212,515 in attorney fees and $17,641 in expenses.  Paragraph 2 of the settlement agreement also states that, on behalf of the plaintiffs, Prudential will pay attorney Timothy B. Fleming and law firm Wiggins, Childs, Quinn & Pantazis a total of $110,278.  According to the plaintiffs' subsequent motion, this total includes $105,870 in attorney fees and $4,408 in expenses.  Thus, the plaintiffs' attorney fees in this case total $318,385, which equals 31.3% of the entire award.  This is less than the maximum that their continent fee agreements allowed.  When expenses are included, the plaintiffs' attorneys will receive a total of $340,433, or 33.5% of the entire plaintiff award.

[3] This total is slightly less than the $527,151 lodestar that the plaintiffs attribute in their motion to Thompson, Bull, Fury, Bass & MacColl.

certified as appropriate by Attorney Bull) and the firm of Wiggins, Childs, Quinn & Pantazis is $310,000.[4]

Specifically, the fee request is as follows: The firm of Thompson, Bull, Furey, Bass & MacColl requests $212,515. Attorney Timothy B. Fleming and the firm of Wiggins, Childs, Quinn & Pantazis request a combined total of $105,870.

4. The settlement amount that the individual plaintiffs are recovering is reasonable. I have already ruled that settlement here is not an improper discounting of the plaintiffs' right to recover their Fair Labor Standards Act (FLSA) wages in light of the proof problems. Now that I am satisfied that the attorney fees that their lawyers are recovering are not only reasonable but also below the market rates, I am satisfied that the plaintiffs are recovering a reasonable amount on their FLSA claims.

Accordingly, the settlement agreement is **APPROVED**. Likewise, the plaintiffs' attorney fees and expenses are **APPROVED**. Once the settlement agreement is filed unsealed, the Clerk's Office shall dismiss the case with prejudice as requested by the parties' joint motion.

**SO ORDERED.**

**DATED THIS 23RD DAY OF DECEMBER, 2011**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] This total is less than the $346,500 lodestar that the plaintiffs attribute in their motion to Fleming and Wiggins, Childs, Quinn & Pantazis.